UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KRISTY DOBBS,

                              Plaintiff,

                                                          1:22-CV-1228
v.                                                        (LEK/TWD)

SEFCU,

                              Defendant.

_____

APPEARANCES:

KRISTY DOBBS
Plaintiff, *pro se*
315 Sheridan Ave.
Albany, NY 12206

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>ORDER AND REPORT-RECOMMENDATION</u>

Kristy Dobbs ("Plaintiff"), proceeding *pro se*, commenced this action against SEFCU

("Defendant") on November 18, 2022, and, in lieu of paying the Northern District of New

York's filing fee, seeks leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)

## I.      IFP APPLICATION

Plaintiff declares that she is unable to pay the filing fee for this action.  (*See* Dkt. No. 2.)

The undersigned has reviewed Plaintiff's IFP application and determines she financially qualifies

to proceed IFP.  Therefore, Plaintiff's IFP application is granted.[1]

_____

[1]  Plaintiff is advised that she will still be required to pay any costs and fees that she may incur in
this matter, including, but not limited to, any copying fees or witness fees.

## II.     SCREENING OF THE COMPLAINT

### A.     Legal Standard

Under Section 1915(e), the Court must dismiss a complaint filed IFP if it determines that

the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these

grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*."

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotations

and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous'

when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an

indisputably meritless legal theory.") (internal quotations and citation omitted).  To survive

dismissal for failure to state a claim, a complaint must contain a short and plain statement of the

claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  This short and plain

statement of the claim must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.  Summary of the Complaint**

Plaintiff alleges in her Complaint that money was withdrawn from her account at Defendant SEFCU. (Dkt. No. 1.) She does not specify when or how much. *Id.* Plaintiff requests that the Court orders SEFCU to reimburse her in the amount of $20,000. *Id.*[2]

**C.    The Court's Analysis**

Plaintiff provides almost no context to her allegations. More importantly, Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction

---

[2]  Plaintiff has also filed three separate actions in this District against Citizens Bank alleging someone withdrew money from her account. *See Dobbs v. Citizens Bank et al.*, 1:10-cv-01487-LEK-RFT, Dkt. No. 1(2010) ("*Dobbs I*"); *Dobbs v. Citizen Bank*, 1:20-cv-00627-GLS-CFH, Dkt. No. 1 (2020) ("*Dobbs II*"); *Dobbs v. Citizens Bank*, 1:22-cv-01226-TJM-DJS, Dkt. No. 1 (2022) ("*Dobbs III*"). *Dobbs I* and *Dobbs II* were dismissed for failure to state a claim upon which relief could be granted and lack of federal subject matter jurisdiction. On December 7, 2022, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review in *Dobbs III* and recommended dismissal of the complaint.

nor diversity jurisdiction.  *See Smith ex. rel. Bey v. Kelly*, 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) (court is obligated to analyze whether subject matter jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject matter jurisdiction is found lacking).

Although Plaintiff has used a complaint form alleging subject matter jurisdiction pursuant to federal question, Plaintiff has failed to establish federal question jurisdiction as she has not set forth a federal law claim.  28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  Even liberally construed, Plaintiff identifies no statute under which her Complaint is brought and the Court can discern none.  Plaintiffs' Complaint, at best, alleges possible state law claims for fraud in connection with the transaction.  Therefore, the Court finds there is no federal question jurisdiction.

To properly allege diversity jurisdiction, Plaintiff must allege (1) diversity of citizenship between the parties, and (2) an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Here, Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of the same state, New York.  Plaintiff provides that she lives in Albany, New York and SEFCU is located in Albany, New York.  Moreover, the amount in controversy is $20,000.  Therefore, the Court finds there is no diversity jurisdiction.

Accordingly, the undersigned recommends dismissing Plaintiff's Complaint without prejudice.[3] *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice.").  Generally, when the court dismisses a *pro se* complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to replead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading."  *Moran v. Proskauer Rose LLP*, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017).  In deference to Plaintiff's *pro se* status and out of an abundance of caution, the Court recommends granting Plaintiff leave to amend.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Any such amended complaint should specifically identify the legal theory or theories that form the basis for her claim.

Plaintiff is cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against the Defendant and must demonstrate that a case or controversy exists between the Plaintiff and the Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging that the named Defendant violated a law, she should specifically refer to such law.  Lastly, Plaintiff is further cautioned that the filing of vexatious, harassing, or duplicative lawsuits may result in the

---

[3] In light of the foregoing recommendation, Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so.  However, the undersigned makes no finding as to whether Plaintiff can successfully or properly bring the complaint in state court.

imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320 (GTS), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."); *see, e.g.*, *Johnson v. Progressive.com*, 19-cv-11202-CM, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile).

III.   **CONCLUSION**

For the reasons sated herein, it is hereby

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED;** and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;** and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: December 13, 2022
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Case 1:22-cv-01228-LEK-TWD Document 5 Filed 12/13/22 Page 8 of 21

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

2012 WL 1898944
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Matthew R. SMITH, ex rel. Kasiin Ali BEY, Plaintiff,
v.
Chris Ann KELLY, Defendant.

No. 12–CV–2319 (JS)(AKT).
|
May 24, 2012.

**Attorneys and Law Firms**

Matthew R. Smith, Ex Rel., Kasiin Ali Bey, Central Islip, NY,
pro se.

No Appearance, for Defendant.

*ORDER*

SEYBERT, District Judge.

 **\*1** Before the Court is the fee paid Complaint of *pro
se* plaintiff Matthew R. Smith, ex rel. Kasiin Ali Bey
("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against the
defendant, Hon. Chris Ann Kelley, Acting County Court
Judge, Suffolk County District Court, 10th Judicial District
(the "Defendant"). [1] Notwithstanding Plaintiff's payment of
the filing fee, for the reasons that follow, the Plaintiff's
Complaint is *sua sponte* DISMISSED pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(i)-(iii).

[1]     The correct spelling of Judge Kelley's last name
        includes the letter "e" before the "y". Plaintiff is
        inconsistent in the spelling of this name, sometimes
        it is "Kelly" and elsewhere it is "Kelley." To avoid
        any confusion, the Court corrects the spelling of
        Judge Kelley's name in the caption and the Clerk of
        the Court is directed to so amend the caption.

*BACKGROUND*

Plaintiff, who is alleged to be of Moorish–American
nationality, seeks to recover monetary damages allegedly
incurred as a result of being ordered by Judge Kelley to submit

to a mental health examination on May 11, 2012. As the
Court can best discern, Plaintiff is defending himself in an
on-going criminal prosecution in the Suffolk County District
Court. According to the Complaint, during an appearance
before Judge Kelley on May 4, 2012, Plaintiff was ordered
to undergo a mental evaluation. Plaintiff describes that, under
the authority of the "Zodiac Constitution," and in accordance
with the "Peace and Friendship Treaty of 1836," the state
court lacks jurisdiction over him given that he is a Moorish–
American.

According to the Complaint, Plaintiff requested that Judge
Kelley provide Plaintiff with a "citation of authority to
presume jurisdiction over a Moorish American and to state
the court's jurisdiction for the record." Compl. at ¶ 5. Plaintiff
alleges that Judge Kelley failed to do so and therefore now
Plaintiff "demand[s] [that] all proceedings cease until CHRIS
ANN KELLEY properly established jurisdiction for the
record." Compl. at ¶ 6. Plaintiff seeks to recover $100,000.00
for "libel" as well as $800 .00 for "filing, service and
handling" and "daily interest for enduring encumbrance of the
present libel" of $1,000.00 per day.

*DISCUSSION*

**I. *Standard of Review***
A district court is required to dismiss a complaint if the action
is frivolous or malicious; fails to state a claim on which relief
may be granted; or seeks monetary relief against a defendant
who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)
(B) (i-iii); *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007).
Regardless of whether a plaintiff has paid the filing fee, a
district court should dismiss a complaint, sua *sponte,* if it
determines that the action is frivolous. *Fitzgerald v. First
East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d
Cir.2000). The Court is required to dismiss the action as soon
as it makes such a determination. 28 U.S.C. § 1915A(a).

An action is "frivolous" when either: (1) " 'the factual
contentions are clearly baseless,' such as when allegations
are the product of delusion or fantasy," or (2) "the claim
is 'based on an indisputably meritless legal theory.' "
*Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437
(2d Cir.1998) (internal citations omitted). It is axiomatic that
*pro se* complaints are held to less stringent standards than
pleadings drafted by attorneys and the Court is required to
read the plaintiff's *pro se* complaint liberally, *Erickson v.
Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

(2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Chavis v. Chappius,* 618 F.3d 162 (2d Cir.2010), and to construe them " 'to raise the strongest arguments that [they] suggest [ ].' " *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir.2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)); *see, also Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

**\*2** Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). There is an independent obligation for a federal court to "determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Fed.R.Civ.P. 12(h)(3).

## II. *Application*

Having carefully reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim. As a threshold matter, Plaintiff has not properly invoked this Court's subject matter jurisdiction. Plaintiff has not alleged a federal question nor has he satisfied the diversity requirement because Plaintiff, an alleged New York resident, seeks to sue a New York Defendant, namely Judge Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District.

Even if the Court's subject matter jurisdiction were established, which it is not, the Complaint must be dismissed because it is frivolous. Liberally read, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed. 163 (1980), the gravamen of Plaintiff's Complaint is that he is not subject to the jurisdiction of the New York state court and therefore does not have to comply with the order entered by Judge Kelley. The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the

jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty,* No. 12–CV–1241(ENV), 2012 WL 1634161, \*1 n. 1 (E.D.N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding,* No. 11–CV–6458, 2012 WL 1495368, at \*6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank,* No. 11–CV–5090, 2011 WL 5325399, at \*1 n. 1 (E.D.N.Y. Nov. 3, 2011); *see, also Bey v. City of Rochester,* 2012 WL 1565636, at \*8 (W.D.N.Y. Apr. 30, 2012) (citing *El–Bey v. North Carolina,* No. 5:11–CV–0423FL, 2012 WL 368374, at \*2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding,* No. 11–CV–6458(CJS), 2012 WL 1498368, at \*6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Gordon v. Deutsche Bank Nat. Trust Co.,* No. 11–CV–5090 (WFK), 2011 WL 5325399, \*1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish–American' nation he is immune from the laws of the United States is misguided") (citing *Bey v. Bailey,* No. 09–CV–8416, 2010 WL 1531172, at \*4 (S.D.N.Y.Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit ....") (add'l citation omitted).

**\*3** Because the Court is required to dismiss a civil action "at any time of the court determines that ... the action ... is frivolous," Plaintiff's Complaint is dismissed. The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a claim is "frivolous" if it lacks an arguable basis in either law or fact). Clearly, the allegations in the instant Complaint are based upon an indisputably meritless legal theory and are thus dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)B)(i).

Even if the Plaintiff's claims were not frivolous, Plaintiff cannot recover damages from the Defendant, a sitting New York State Court Judge, Suffolk County District Court, since as a judge, she is entitled to absolute judicial immunity as well Eleventh Amendment Immunity. *Mahapatra v. Comstock,* 141 F.3d 1152 (2d Cir.1998) ("[T]he district court properly dismissed the claims for damages based on absolute

immunity [because] [j]udges are shielded from liability for civil damages for judicial acts performed in their judicial capacities.") (citing *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 53–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Given that the Complaint is based on an indisputably meritless legal theory, the Court declines to afford Plaintiff leave to amend his Complaint, as any amendment would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

### *CONCLUSION*

For the reasons set forth above, the Complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1898944

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:22-cv-01228-LEK-TWD Document 5 Filed 12/13/22 Page 11 of 21

Moran v. Proskauer Rose LLP, Not Reported in Fed. Supp. (2017)

2017 WL 3172999

2017 WL 3172999
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Thomas J. MORAN, Plaintiff,

v.

PROSKAUER ROSE LLP; Jerold D. Jacobson;
and Keisha Ann Grace Gray, Defendants.

1:17-cv-00423 (MAD/TWD)
|
Signed 07/26/2017

**Attorneys and Law Firms**

APPEARANCES: THOMAS J. MORAN, 500 16th St., Apt. 203, Watervliet, New York 12189, Plaintiff, pro se.

### ORDER

Mae A. D'Agostino, U.S. District Judge

**\*1** Plaintiff commenced this action *pro se* on April 17, 2017 against Proskauer Rose LLP ("Proskauer Rose"), Jerold D. Jacobson ("Defendant Jacobson"), and Keisha Ann Grace Gray ("Defendant Gray"). *See* Dkt. No. 1. In an Order and Report-Recommendation dated May 1, 2017, Magistrate Judge Dancks granted Plaintiff's application to proceed *in forma pauperis* for filing purposes only and denied Plaintiff's motion for appointment of counsel. *See* Dkt. No. 6 at 2, 9. In reviewing the sufficiency of the complaint, Magistrate Judge Dancks concluded that the Court lacks subject matter jurisdiction over Plaintiff's claims, and therefore, despite Plaintiff's *pro se* status, recommended that Plaintiff's complaint be dismissed with prejudice. *See id.* at 9. On May 26, 2017, Plaintiff filed objections to Magistrate Judge Dancks's Order and Report-Recommendation. *See* Dkt. No. 7.

According to the complaint, Proskauer Rose is a global law firm and Defendants Jacobson and Gray are attorneys with Proskauer Rose. *See* Dkt. No. 1 at 5. Plaintiff asserts that Proskauer Rose is counsel for non-party Jewish Board of Family and Children's Services ("JBFCS"), Plaintiff's former employer. *See id.* at 5-6. As Magistrate Judge Dancks noted, according to publicly available documents, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") against JBFCS. *See* Dkt. No. 6 at 4.

Plaintiff alleges that Defendants Jacobson and Gray appeared at a conference before the NYSDHR on behalf of JBFCS. *See* Dkt. No. 1 at 5-6. Plaintiff alleges that, at the time of this conference, Defendants Jacobson and Gray were not appropriately licensed to practice law in New York State through the New York State Unified Court System. *See id.* Plaintiff alleges that he told two of NYSDHR's employees that "allowing two attorneys with no valid law licenses into this conference to practice law is fraudulent." *Id.* at 6.

Moreover, Plaintiff alleges that Defendant Jacobson wrote a "fraudulent" email response to Plaintiff's NYSDHR complaint since Defendant Jacobson's "law license [was] expired at the time the [r]esponse was sent." *Id.* Plaintiff also argues that, because of Defendant Jacobson's personal relationship with the JBFCS, it is inappropriate for him "to handle the issues of the Jewish Board." *Id.* at 7. Furthermore, Plaintiff claims that Defendant Gray "tricked [Maria] Di Cosimo of Lexis-Nexis into providing Ms. Gray with information that was obtained through Ms. Di Cosimo's connection with Lexis-Nexis fraudulently." *Id.* Plaintiff requests $240 million in total from Defendants and an injunction preventing Defendant Proskauer Rose from "continuing its practice of allowing attorneys with no law licenses to practice law in the State of New York as well as the United States." *Id.* at 8.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Massie v. Ikon Office Solutions, Inc.*, 381 F. Supp.2d 91, 94 (N.D.N.Y. 2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863, 871 (S.D.N.Y. 1988)).

**\*2** In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district

2017 WL 3172999

court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). As mentioned, Plaintiff has submitted objections to the Order and Report-Recommendation. *See* Dkt. No. 7.

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

In order to invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, as Magistrate Judge Dancks concluded, Plaintiff has failed to allege a claim that arises under the Constitution or laws of the United States of America. Plaintiff's main allegation surrounds the state bar licensure of two private attorneys employed by a private limited liability partnership. *See* Dkt. No. 1 at 5. There is no federal claim that can be inferred from the facts alleged.

Plaintiff has submitted his allegations on a form that is provided by the Court for *pro se* litigants to file civil rights complaints pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See id.* at 1. However, there is no indication from Plaintiff's allegations that a Section 1983 claim could be supported. In his objections, Plaintiff agreed with Magistrate Judge Dancks that the reason he used a civil rights complaint form was because it was provided to him by the Court. *See* Dkt. No. 7 at 4.

To state a Section 1983 claim, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state ... law.' " *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640

(1980)). Moreover, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)). The conduct of a private actor may be considered state action when the private actor "is a willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

**\*3** Defendants Jacobson and Gray are private attorneys working for a private law firm. *See* Dkt. No. 1 at 5. Plaintiff does not allege that Defendants had any affiliation with the State of New York beyond their licensure, and therefore, they cannot be deemed "state actors" under Section 1983. *See Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("[P]rivate attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims.") (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). Furthermore, Proskauer Rose's registration as a domestic limited liability partnership with the State of New York does not render it a "state actor."[1] *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543-44 (1987)). Plaintiff has also failed to allege that Defendants conspired with any state actor to violate his constitutional rights. Accordingly, Plaintiff has failed to allege a cause of action that provides this Court with subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's objections offer nothing to cure this defect.

[1]     As Magistrate Judge Dancks noted, Proskauer Rose is listed as a domestic registered limited liability partnership with the New York State Division of Corporations. *See* Dkt. No. 6 at 8 n.4.

As Magistrate Judge Dancks also found, Plaintiff has failed to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 6 at 8. Diversity jurisdiction is only proper where "all of the adverse parties in a suit [are] completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). For the purposes of diversity jurisdiction, the citizenship of limited liability partnerships, like Proskauer Rose, is determined by the citizenship of all of its members.

Case 1:22-cv-01228-LEK-TWD   Document 5   Filed 12/13/22   Page 13 of 21

Moran v. Proskauer Rose LLP, Not Reported in Fed. Supp. (2017)

2017 WL 3172999

*See* *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Here, the complaint states that Plaintiff lives in Watervliet, New York, and that Defendants Jacobson and Gray are also citizens of New York. *See* Dkt. No. 1 at 1-2, 5. Proskauer Rose's citizenship is determined by the citizenship of each of its members, including Defendants Jacobson and Gray. [2] *See id.* As such, all parties are citizens of New York, and this Court lacks diversity jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's complaint is dismissed.

[2]     Defendants Jacobson and Gray are listed as partners on the Proskauer Rose website. *Professionals*, Proskauer Rose, http://www.proskauer.com/professionals/ (last visited July 13, 2017).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). As Magistrate Judge Dancks found, lack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading. *See*

Dkt. No. 6 at 9; *see also* *Planck v. Schenectady Cty.*, No. 1:12-CV-0336, 2012 WL 1977972, *6 (N.D.N.Y. June 1, 2012). As such, Plaintiff's complaint is dismissed with prejudice. [3]

[3]     Since the Court is dismissing Plaintiff's complaint with prejudice, the Court will not address Plaintiff's objection to Magistrate Judge Dancks's denial of Plaintiff's motion for appointment of counsel.

**\*4** Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in its entirety without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3172999

---

     © 2022 Thomson Reuters. No claim to original U.S. Government Works.

  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 6078425
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Robert H. AJAMIAN, Plaintiff,

v.

Kinah NIMEH, Stock Broker at Gunn Allen
Financial, Arbitration 13–02183, Defendant.

No. 1:14–CV–0320 (GTS/CFH).
|
Signed Nov. 13, 2014.

**Attorneys and Law Firms**

Robert H. Ajamian, Latham, NY, pro se.

***DECISION and ORDER***

Hon. GLENN T. SUDDABY, District Judge.

 **\*1** Currently before the Court, in the above-captioned
civil rights action filed by Robert H. Ajamian ("Plaintiff")
against the above-captioned Defendants, is United States
Magistrate Christian F. Hummel's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed
pursuant to 28 U.S.C. § 1915 and § 1915A for failure to state
a claim but otherwise granting Plaintiff leave to submit an
amended complaint. (Dkt. No. 15.) Plaintiff has not filed an
objection to the Report–Recommendation and the deadline
in which to do so has expired. (*See generally* Docket Sheet.)
Instead, Plaintiff has filed a proposed amended complaint.
For the reasons set forth below, Magistrate Judge Hummel's
Report–Recommendation is accepted and adopted in its
entirety. In addition, Plaintiff's proposed amended complaint
is denied and this action is dismissed with prejudice. Further,
Plaintiff is directed to show cause, within thirty (30) days of
this Decision and Order, as to why he should not be barred
from filing any future *pro se* documents or motions in this
action without first obtaining leave of the Court.

**I. Report–Recommendation**

When *no* objection is made to a report-recommendation, the
Court subjects that report recommendation to only a *clear
error* review. Fed.R.Civ.P. 72(b), Advisory Committee Notes:
1983 Addition. When performing such a "clear error" review,

"the court need only satisfy itself that there is no clear error on
the face of the record in order to accept the recommendation."
*Id.; see also Batista v. Walker,* 94–CV–2826, 1995 WL
453299, at \*1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I
am permitted to adopt those sections of [a magistrate judge's]
report to which no specific objection is made, so long as
those sections are not facially erroneous.") (internal quotation
marks and citations omitted).

Here, based upon a review of this matter, the Court can
find no error with Magistrate Judge Hummel's Report–
Recommendation, clear or otherwise. (Dkt. No. 15.)
Magistrate Judge Hummel employed the proper standards,
accurately recited the facts, and reasonably applied the law
to those facts. (*Id.*) Further, Magistrate Judge Hummel's Report–
Recommendation would survive even a *de novo* review. As a
result, the Report–Recommendation is accepted and adopted
in its entirety for the reasons stated therein.

**II. Proposed Amended Complaint**

Ostensibly pursuant to Magistrate Judge Hummel's
recommendation that this Court grant Plaintiff leave to
file an amended complaint, Plaintiff prematurely filed a
proposed amended complaint, but did so by insisting that
it be treated as a separate action. (*See Ajamian v. Gunn
Allen Fin., et al.,* 1:14–CV–1211 [DNH/ATB].) As Magistrate
Judge Andrew T. Baxter observed, that complaint adds a
defendant, adds facts and changes the basis for Plaintiff's
allegation of jurisdiction. (*See id.,* Dkt. No. 5) However,
because that complaint is "challenging the same conduct by
the same defendant at the same time as the complaint in [this
action]," Magistrate Judge Baxter closed the separate action
and directed that the complaint filed therein be filed as a
proposed amended complaint in this action. (*See id.,* Dkt.
No. 5.) Therefore, the Court will review Plaintiff's proposed
amended complaint to determine whether a meritorious claim
is stated, which would allow the action to go forward.

 **\*2** As an initial matter, it is important to note that Plaintiff
filed an exact copy of the original complaint in this action in
the United States District Court for the District of Columbia
on June 10, 2014, which was thereafter transferred to the
Eastern District of New York. *See Ajamian v. Nimeh,* 2:14–
CV–4093(JS/GRB). On September 26, 2014, the District
Judge in that case dismissed Plaintiff's claims without
prejudice and granted Plaintiff leave to file an amended
complaint within thirty days of the filing of the Order. *See
Ajamian v. Nimeh,* No. 14–CV–409, 2014 WL 4828884, at
\*4 (E.D.N.Y. Sept. 26, 2014). Specifically, the Order states

that "[i]f Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE." *Id.* (emphasis in original). Plaintiff having not filed an amended complaint in that action within the time allowed, his claims have been dismissed with prejudice. For this reason, the Court finds that the proposed amended complaint in this action is futile because Plaintiff is estopped from pursuing his claims under the doctrine of *res judicata.*

Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Thus, the doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action. *EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d 621, 624 (2d Cir.2007) (internal citations and quotation omitted).

A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.

*Nemaizer v. Baker,* 793 F.2d 58, 60–61 (2d Cir.1986) (internal citations and quotation omitted).

Consequently, Plaintiff's claims in his original complaint as well as those in the proposed amended complaint are precluded under the doctrine of *res judicata. See Nemaizer,* 793 F.2d, at 61. For this reason, Plaintiff's proposed amended complaint is denied and this action is dismissed without prejudice.

### III. Appropriateness of Bar Order

A review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, over the past year, Plaintiff has filed nine *pro se* civil actions (including this one) in two different federal district courts.[1] Eight of these nine actions, including the current action, have been dismissed based on pleading deficiencies or procedural failures.[2] In addition, Plaintiff has filed four appeals in civil actions.[3] While two

of those appeals are pending, two have been dismissed based on lack of merit.[4]

1    *See Ajamian v. State of New York,* No. 13–CV–1316, Complaint (N.D.N.Y. filed Oct. 23, 2013) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0306, Complaint (N.D.N.Y. filed Mar. 21, 2014) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0319, Complaint (N.D.N.Y. filed Mar. 24, 2014) (*pro se* civil rights action); *Ajamian v. Nimeh,* No. 14–CV–0320, Complaint (N.D.N.Y. filed Mar. 24, 2014) (*pro se* civil rights action); *Ajamian v. Zakarian,* No. 14–CV–0321, (N.D.N.Y.2014) (current action barred by *res judicata* ); *Ajamian v. Nimeh,* No. 14–CV–4093, (E.D.N.Y.2014) (*pro se* civil rights action); *Ajamian v. Zakarian,* No. 14–CV–1127, Complaint (N.D.N.Y. filed Sept. 15, 2014) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–1204, Complaint (N.D.N.Y. filed Oct. 1, 2014) (*pro se* civil rights action); *Ajamian v. Nimeh,* No. 14–CV–1211, Complaint (N.D.N.Y. filed Oct. 3, 2014) (*pro se* civil rights action).

2    *See Ajamian v. State of New York,* No. 13–CV–1316, Judgment (N.D.N.Y. filed August 11, 2014) (dismissing with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0306, Judgment (N.D.N.Y. filed May 28, 2014) (dismissing with prejudice for failure to state a claim); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0319, Text Order (N.D.N.Y. filed Mar. 26, 2014) (terminated action as duplicative of 14–CV–306); *Ajamian v. Nimeh,* No. 14–CV0320 (N.D.N.Y.2014) (current action barred by res judicata); *Ajamian v. Zakarian,* No. 14–CV0321, Judgment (N.D.N.Y. filed Aug. 26, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Nimeh,* No. 14–CV–4093, Memorandum & Order (E.D.N.Y. filed Sept. 26, 2014) (dismissed with prejudice for failure to state a claim); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–1204, Judgment (N.D.N.Y. filed Oct. 30, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter

jurisdiction); *Ajamian v. Nimeh,* No. 14–CV–1211, Judgment (N.D.N .Y. filed Oct. 9, 2014) (closed and ordered that complaint be filed as proposed amended complaint in 14–CV320).

3   *See Ajamian v. Morgan Stanley Smith Barney, LLC,* No. 14–2212, Notice of Appeal (2d Cir. filed June 4, 2014); *Ajamian v. State of New York,* No. 14–2934, Notice of Appeal (2d Cir. filed Aug. 15, 2014); *Ajamian v. Zakarian,* No. 14–3432, Notice of Appeal (2d Cir. filed Sept. 2, 2014); *Ajamian v. Morgan Stanley Smith Barney,* 14–CV–1204, Notice of Appeal to 2d Cir. (N.D.N.Y. filed Nov. 3, 2014).

4   *See Ajamian v. Morgan Stanley Smith Barney, LLC,* No. 14–2212, Order (2d Cir. filed Sept. 24, 2014) (dismissing appeal for lack of arguable basis in law or fact); *Ajamian v. State of New York,* No. 14–2934, Order (2d Cir. filed Oct. 22, 2014) (dismissing appeal for lack of arguable basis in law or fact) (motion for reconsideration pending).

**\*3** Based on Plaintiff's litigation history, the Court finds that (1) Plaintiff lacks a good-faith expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding *pro se,* (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties.

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir.2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower,* 20 F.3d 42, 44 (2d Cir.1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement

may be instituted by the court as an appropriate sanction); *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998) ( "[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers,* 08–CV–0330, 2008 WL 1767067, at \*1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Because of his history of filing unmerited and indeed vexatious lawsuits, including the current action, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous documents or motions in this action by him in the future. As a result, Plaintiff is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this action, any documents or motions without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

Further, in the event Plaintiff fails to show such cause, this case will be forwarded to Chief United States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti–Filing Injunction Order be issued against Plaintiff, which would prohibit Plaintiff from filing, in the Northern District of New York, any action *pro se* (that is, without counsel) without first obtaining leave of the Court.

**\*4   ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Hummel's Report–Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's proposed amended complaint (Dkt. No. 32) is ***DENIED;*** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is ***DISMISSED*** with prejudice; and it is further

**ORDERED** that ***Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future pro se documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing,***

*in this action, any document or motion pro se (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.*

## REPORT–RECOMMENDATION and ORDER

CHRISTIAN F. HUMMEL, United States Magistrate Judge.

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Robert H. Ajamian ("Ajamian"). Compl. (Dkt. No. 1). Ajamian has not paid the filing fee and instead seeks permission to proceed with this matter in *forma pauperis* ("IFP"). Dkt. Nos. 2, 5–6, 9, 12–14).

## I. Discussion

### A. Application to Proceed IFP

Ajamian has submitted an IFP Application. Despite the absence of a properly completed IFP application before the Court, due to significant efforts made by Ajamian, coupled with a review of the information provided therein, the Court finds that Ajamian may properly proceed with this matter IFP.

### B. Allegations in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Ajamian asserts that defendant Nimeh, a stock broker, violated his constitutional rights by placing non-conservative trades using his retirement account between March 2005 and September 2011, which resulted in a $30,000.00 loss. Compl. at 2–4. Ajamian contends that he is entitled to treble damages, or $90,000.00. *Id.* For a more complete statement of Ajamian's claims, reference is made to the complaint.

In drafting the complaint, Ajamian utilized a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; *see also German v. Fed. Home Loan Mortg. Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

**\*5** Ajamian's § 1983 action should be dismissed for multiple reasons. First, Ajamian fails to state a cognizable cause of action for which relief can be granted. It is unclear to the Court what civil or constitutional rights were allegedly violated since Ajamian fails to specify the nature of such rights. Ajamian only alleges that defendant failed to make conservative trades on his behalf. Furthermore, the named defendant Nimeh is not asserted to have acted under the color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* No. 92–CV–4288 (PKL),1992 WL 380914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). [1] State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.,* No. 95–CV–1500 (RSP) (DNH), 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y.1994) (citation omitted)). There is no allegation that Nimeh acted under color of state law with regard to the stock trades. As such, § 1983 is not the proper vehicle through which Ajamian could seek judicial review of his claims. Accordingly, to the extent Ajamian seeks to remedy a constitutional violation through § 1983, the complaint fails to state a cause of action to which relief can be granted and should be dismissed.

[1]     All unpublished opinions cited to by the Court in this Report–Recommendation are, unless otherwise noted, attached to this Recommendation.

Ajamian also asserts that Nimeh violated his rights under "U.S. civil statutes 22 A.L.R. 5th 261, 152 A.L.R. Fed. 1." Compl. at 1. Reliance on either authority is misplaced. Both references are not to federal statutes but to American Law Reports articles, the former concerns statutes on assaults motivated by hate crimes and ethnic intimidation while the latter discusses governmental actions that constitute "reverse

discrimination." 152 A.L.R. FED. 1 (1999); 22 A.L.R. 5th 261 (1994). The complaint is devoid of any factual allegations concerning these legal issues. Therefore, despite Ajamian's conclusory statements, he has failed to state a claim in citing these articles.

It is well established that a federal court is obligated to notice on its own motion the basis for its own jurisdiction; thus, the Court must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno,* 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo,* 854 F.2d 591, 605 (2d Cir.1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua *sponte* ). Ajamian asserts the following claims, "breach of fiduciary duty, misrepresentation/non-disclosure, activity suitability, unauthorized trading, breach fo contract, error charges, failure to supervise, margin calls, negligence, criminal misrepresentation, fraudulent concealment...." Compl. at 1. Thus, the Court considers whether it has subject matter jurisdiction under 28 U.S.C. § 1332, which confers diversity jurisdiction.

**\*6** For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan,* No. 98–CV–3176(DAB)NRB., 1999 WL 38256, at \*2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed.1998)). Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the "Parties" section of the complaint and civil cover sheet, Ajamian lists that he is a resident of Albany, New York and Nimeh is located in Melville, New York. Even if the amount in controversy is set at $90,000.00, thus meeting the amount in controversy requirement, Ajamian has failed to satisfy the domicile requirement for purposes of diversity jurisdiction. Accordingly, where the domicile requirement is unmet, diversity jurisdiction does not exist and the Court lacks subject matter jurisdiction to consider the action. When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin,* 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, dismissal of this action may be warranted.

To the extent Ajamian seeks to bring criminal charges against Nimeh, Ajamian lacks a cognizable right in that regard. It is well-settled law in this Circuit that there is no constitutional right to have criminal wrongdoers prosecuted. *See Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.3d 81, 86–87 (2d Cir.1972) ("It is a truism ... that in our federal system crimes are always prosecuted by the Federal Government, not by ... private citizens.").

Lastly, attached to Ajamian's complaint is a "FINRA [ ("Financial Industry Regulatory Authority") ] dispute resolution claim information tracking form" dated July 19, 2013, which indicates that a claim was filed against Nimeh, to be resolved through arbitration proceedings. Compl. at 5–8. While Ajamian does not refer to a FINRA arbitral award in his complaint, allege specifics facts surrounding the circumstances of an arbitral award, request specific judicial action on such an award, or attach the award to his complaint, it appears that Ajamian filed a claim with FINRA for arbitration proceedings to resolve disputes against Nimeh. Furthermore, Ajamian alludes to an arbitration proceeding by inserting an arbitration number in the caption of his complaint. Compl. at 1. In light of his pro se status, the Court recommends that Ajamian be afforded an opportunity to amend his complaint to make clear this cause of action. Ajamian should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and defendant, to assess whether a meritorious action is stated.

## II. Amendment

**\*7** In sum, Ajamian's complaint in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction. As such, dismissal would be appropriate

Ajamian v. Nimeh, Not Reported in F.Supp.3d (2014)
2014 WL 6078425
Case 1:22-cv-01228-LEK-TWD   Document 5   Filed 12/13/22   Page 19 of 21

pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Ajamian's pro se status, this Court recommends that prior to dismissing this action, Ajamian be directed to amend his complaint to provide clearer details regarding his claim. Ajamian is directed to draft a complaint which satisfies the plausibility standard outlined in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), requiring plaintiffs to "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations omitted). Specifically, Ajamian is directed to draft a complaint which Ajamian have to *allege specific facts* sufficient to plausibly state that the FINRA arbitration award, if it exists, merits judicial review.

### III. Conclusion

**WHEREFORE,** it is hereby

**ORDERED** that plaintiff's IFP application (Dkt.Nos.12–14)[2] is **GRANTED;**[3] and it is further

[2]   Plaintiffs' pending letter motions and exhibits (Dkt.Nos.12–14) were filed in support of his IFP application, which was first filed on March 24, 2014 (Dkt. No. 2).

[3]   Plaintiff should note that although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction; and it is further

**RECOMMENDED** that alternatively, in light of plaintiff's pro se status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to amplify the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report–Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the ... recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Filed May 22, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 6078425

Case 1:22-cv-01228-LEK-TWD   Document 5   Filed 12/13/22   Page 20 of 21

Johnson v. Progressive.com, Not Reported in Fed. Supp. (2020)

2020 WL 589127

2020 WL 589127
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Robert W. JOHNSON, Plaintiff,

v.

PROGRESSIVE.COM, et al., Defendants.

19-CV-11202 (CM)
|
Signed 02/05/2020

**Attorneys and Law Firms**

Robert W. Johnson, Bronx, NY, pro se.

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

**\*1** Plaintiff Robert W. Johnson, of the Bronx, New York, filed this complaint *pro se* and *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.

1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ...; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND AND DISCUSSION**

Plaintiff filed this complaint against multiple insurance companies and other entities, including Progressive, Axxcess Insurance Agencies Ltd., New York Automobile Insurance Plan, Global Liberty Insurance Company, Arizona Premium Finance, Chevrolet, ADESA, Nationwide, Victoria Fire & Casualty Company, Allstate, Geico, and AAA. Plaintiff seeks "\$999 trillion" in punitive damages, "\$999 billion for future pain and suffering," and "100% ownership of corporation assets, bank accounts & equities." The complaint contains no facts.

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, and in light of Plaintiff's abusive litigation history, discussed below, the Court declines to grant Plaintiff leave to amend.

Plaintiff has filed scores of cases around the country in connection with a 2017 car accident in Buffalo, New York, and this complaint is consistent with his pattern of vexatious and frivolous litigation. In *Johnson v. Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019), Judge Wood, after discussing Plaintiff's extensive litigation history, dismissed Plaintiff's action as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief; he also ordered Plaintiff to show cause why he should not be barred from filing any future action IFP in this Court without prior permission). Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, Plaintiff filed a notice of appeal, and that appeal is pending.[1]

Case 1:22-cv-01228-LEK-TWD   Document 5   Filed 12/13/22   Page 21 of 21

**Johnson v. Progressive.com, Not Reported in Fed. Supp. (2020)**
2020 WL 589127

1      A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has filed ten new actions in other federal district courts and, including this case, four new actions in this Court. *See Johnson v. New York State Ins. Fund*, ECF 1:19-CV-11831, 2 (S.D.N.Y. filed Dec. 20. 2019); *Johnson v. Progressive.com*, ECF 1:19-CV-11202, 2 (S.D.N.Y. filed Dec. 5, 2019); *Johnson v. New York State Dep't of Trans.*, ECF 1:19-CV-11127, 2 (S.D.N.Y. filed Dec. 2, 2019).

 **\*2**  By order dated January 27, 2020, entered in *Johnson v. Town of Onondaga*, ECF 1:19-CV-11128, 4 (CM) (S.D.N.Y. Jan. 27, 2020), this Court also directed Plaintiff to show cause why a filing injunction should not be imposed. And at least one other court has already barred Plaintiff from filing *pro se* complaints without prior permission. *See Johnson v. Abel*, No. 19-CV-2685 (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court).

The Court's prior warnings remain in effect.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 589127

---

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.