UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTY DOBBS,

                            Plaintiff,                      1:22-cv-01228
                                                                         (AMN/TWD)

v.

SEFCU,

                            Defendant.
_____

APPEARANCES:

**KRISTY DOBBS**
315 Sheridan Ave.
Albany, NY 12206
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On November 18, 2022, Plaintiff *pro se* Kristy Dobbs commenced this action alleging that money was improperly withdrawn from her account at Defendant SEFCU. *See* Dkt. No. 1 at 4. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on December 13, 2022, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP, and recommending that Plaintiff's complaint be dismissed without prejudice and with leave amend. *See* Dkt. No. 5 at 6. On December 19, 2022, Plaintiff filed a response to the Report-Recommendation. Dkt. No. 6.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Complaint is dismissed without prejudice and with leave to amend.

II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011)

2

(citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

Plaintiff has not identified any portion of the Report-Recommendation that Plaintiff asserts to be error. In response to the Report-Recommendation, Plaintiff submitted a document docketed as an objection. Dkt. No. 6. Plaintiff's submission restates the Statement of Claim from the Complaint, *compare* Dkt. No. 6, *with* Dkt. No. 1 at 4, and does not reference the Report-Recommendation or identify any objection to the analysis in the Report-Recommendation. Plaintiff has thus failed to preserve an objection, and the Court reviews the Report-Recommendation for clear error. *See Caldwell*, 2022 WL 16918287, at *1; *O'Diah*, 2011 WL 933846, at *1.

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under Section 1915(e)(2)(B) of Title 28 of the United States Code and Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 2-3 (citing, *inter alia*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). Magistrate Judge Dancks determined that Plaintiff failed to establish federal question jurisdiction because, even when liberally construed, "Plaintiff identifies no statute under which her Complaint is brought and the Court can discern none." *Id*. at 4; *see* Dkt. No. 1 at 3. Furthermore, Magistrate Judge Dancks determined that "Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of" New York State, and "the amount in controversy is $20,000." Dkt. No. 5 at 4; *see* Dkt. No. 1 at 3-4. Accordingly, Magistrate Judge

Dancks correctly concluded that "Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction nor diversity jurisdiction." Dkt. No. 5 at 3-4 (citing *Smith ex. rel. Bey v. Kelly*, 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)).

Finally, considering Plaintiff's *pro se* status, Magistrate Judge Dancks recommended dismissal of the Complaint without prejudice and with leave to amend.[1] The Court agrees that Plaintiff should be granted an opportunity to amend the complaint in light of her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[2]

---

[1] Magistrate Judge Dancks noted that "Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so," although she made no determination as to whether Plaintiff could successfully or properly bring such a claim. Dkt. No. 5 at 5-6 & n.3.

[2] The Court reiterates Magistrate Judge Dancks's admonition to Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim. Additionally, Magistrate Judge Dancks appropriately cautioned Plaintiff that filing vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, which may include limitations on Plaintiff's ability to file submissions in federal court without prior permission of the Court. *See* Dkt. No. 5 at 5-6.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 1, 2023
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge